

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JORDAN DOLL**
Room 2-302(B)
Phone: (212) 356-2624

October 11, 2024

Hon. Orelia E. Merchant
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Apple v. New York City Department of Education*
          24-cv-04380 (OEM)(RML)

Dear Judge Merchant:

This Office represents Defendant, the New York City Department of Education (the "Defendant" or "DOE"), in the above-referenced action. I write to respectfully request a pre-motion conference in connection with Defendant's proposed motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff brings this action pursuant to the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1400 *et seq.* Plaintiff seeks tuition that was denied in an unappealed and final administrative decision. A brief factual background is as follows. On August 1, 2021, Plaintiff filed a Due Process Complaint ("DPC") under the IDEA alleging DOE deprived his child of a free appropriate public education ("FAPE") and seeking, in relevant part, tuition at a private school for the 2019-20 School Year ("SY"). Complaint ("Compl.") ECF No. 1-1, ¶ 36. In a Findings of Fact and Decision ("FOFD") dated July 26, 2022, the presiding Impartial Hearing Officer ("IHO") denied the request for an award tuition for the 2019-20 SY. Neither party appealed the FOFD to the State Review Office ("SRO"). The FOFD in its entirety became binding on the parties on September 5, 2022.

The Amended Complaint, ECF No. 11, largely repeats the same substantive allegations of the original Complaint and does not cure its fundamental defect – that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies.

By way of procedural background, Plaintiff filed the Complaint. ECF No. 1-1 in New York State Court, Kings County. Defendant removed the case to the Eastern District on June 20, 2024. Defendant moved for a pre-motion conference in anticipation of moving to dismiss the Complaint for lack of subject matter jurisdiction. ECF No. 6. In response, Plaintiff sought leave

to amend the Complaint. ECF No. 7. Defendant opposed because the amended pleadings were not attached to the request and, accordingly, Defendant did not have enough information to agree to such a request. ECF No. 8. The Court denied Defendant's request for a pre-motion conference without prejudice and directed the parties to meet with Magistrate Judge Robert M. Levy for an initial conference.

Before that conference, the parties conferred about Plaintiff's proposed amendments to the Complaint. Following this discussion, the parties wrote to Judge Levy. ECF No. 10. The letter states that, while Defendant believed the expected amendments would be futile to correct the Complaint's defects, it did not oppose Plaintiff's right to do so. *See* Fed. R. Civ. P. 15. In the same letter, the parties proposed a briefing schedule that included the filing of the Amended Complaint, and Defendant's anticipated motion to dismiss. *Id.* at 2. At the Conference, Judge Levy granted Plaintiff's request to amend and referred the matter back to Your Honor.

Defendant renews its request for a pre-motion conference in anticipation of moving to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff has still failed to allege exhaustion of their administrative remedies or any legally sufficient reason for this failure. The additional allegations in the Amended Complaint detail Plaintiff's efforts to secure a Community Special Education ("CSE") meeting for Plaintiff's child (*see generally* Amend. Compl. ¶¶ 27-46) and that the presiding IHO stated they were unable to adjudicate more than two years of the student's education at a time; as a result, the IHO could not adjudicate the 2019-20 SY tuition that Plaintiff now seeks in this action (*see* Amend. Compl. ¶ 44). These additional allegations do nothing to cure the fundamental flaw in Plaintiff's case: the Plaintiff sought the 2019-20 SY tuition through the administrative process and the request was denied in the relevant FOFD. Following that decision, neither Plaintiff nor Defendant appealed this FOFD to the SRO within 40 days as statutorily required. *See* 20 U.S.C. §1415(g)(1); N.Y. Educ. Law §4404(2); *see also M.Z. v. N.Y.C. Dep't of Educ.*, 12 Civ. 4111 (KBF), 2013 U.S. Dist. LEXIS 47052, at *17 (S.D.N.Y. Mar. 21 2013). Difficulties securing a CSE meeting or an alleged failure to adjudicate 2019-20 SY tuition on the merits must still be appealed to the SRO before a claim is brought in state or federal court. The Amended Complaint has not alleged and indeed cannot allege any reason why Plaintiff should be permitted to bypass the mandatory administrative procedures and their requisite timing requirements.

### Plaintiff Has Failed to Exhaust Without Legally Sufficient Justification

Plaintiff has brazenly ignored the IDEA's administrative process.[1] The Amended Complaint contains no allegations that Plaintiff began, much less exhausted, an administrative challenge of the FOFD that failed to award 2019-20 SY tuition. "[Under the IDEA, f]ailure to exhaust the administrative remedies deprives the court of subject matter jurisdiction." *M.A. v. N.Y. Dep't of Educ.*, 1 F. Supp. 3d 125, 130 (S.D.N.Y. 2014) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 246 (2d Cir. 2008)). *See also B.C. v. Pine Plains Cent. Sch. Dist.*, 971 F. Supp. 2d 356, 365 (S.D.N.Y. 2013) ("Courts in this Circuit have held that—absent good cause shown—a party who fails to make a timely appeal to the SRO [] has failed to satisfy the

---

[1] Defendant respectfully refers the Court to Defendant's July 10, 2024 letter for a pre-motion conference, ECF No. 6 at 2, for fuller background on the IDEA's administrative procedures and their requisite timing requirements.

exhaustion requirement" and so the court lacks subject matter jurisdiction over their claims); *R.S. v. Bedford Cent. Sch. Dist.*, 899 F. Supp. 2d 285, 288-89 (S.D.N.Y. 2012) (finding that parent seeking tuition reimbursement under the IDEA failed to exhaust administrative remedies, depriving the Court of subject matter jurisdiction).

An alleged failure to convene a CSE meeting is not a legally sufficient excuse to bypass an appeal to the SRO and bring a claim for tuition in federal court two years later. S*ee* Amend. Compl. ¶ 49.[2] Similarly, any alleged refusal by the IHO to consider the 2019-20 SY on the merits must also be appealed to the SRO; requesting a federal or state court rule on the merits both ignores administrative procedures and asks this Court to adjudicate what is statutorily referred to administrative judges who have special expertise in questions of education. *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012) (noting in matters of educational expertise deference is owed to administrative judges under the IDEA). Plaintiff's alternative remedy, that the matter be remanded to an IHO, negates the purpose of the IDEA's administrative process. The exhaustion requirement would be rendered a nullity if any dissatisfied plaintiff could simply cure their failure to appeal by asking a state or federal court to remand a case to an IHO or SRO. Further, such relief would be pointless because the IHO has already adjudicated the issue of 2019-20 SY tuition. Remand would give Plaintiff another bite at the apple without legal justification.

For the foregoing reasons, Defendant requests a pre-motion conference in anticipation of its motion to dismiss the Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1). Alternatively, Defendant respectfully requests that the Court dispense with the pre-motion conference and adopt the parties' jointly-proposed briefing schedule as set forth in the August 20, 2024 letter to Judge Levy. ECF No. 10 at 2.

    Thank you for considering this request.

Respectfully,

/s/
Jordan Doll
Assistant Corporation Counsel

cc: All Counsel of record (via ECF)

---

[2] Plaintiff's reference to other school years where tuition was awarded is irrelevant. Amend. Compl. ¶ 20, 27, 29, 44. Each SY's tuition must be adjudicated on its terms. *J.R. v. N.Y.C. Dep't of Educ.*, 748 F. App'x 382, 386 (2d Cir. 2008) (internal quotations omitted) (finding that "the DOE's funding of [the student]'s schooling in other years is irrelevant. . . . Whether the DOE offered [the student] an appropriate placement in other years makes no difference to the question of whether the [Individualized Education Plan] provided a FAPE in 2013–14.").