UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

GARY APPLE,

                        Plaintiff,

                        **MEMORANDUM AND ORDER**
     -against-                  24-CV-4380 (OEM) (RML)

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

                        Defendant.
-----------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Gary Apple ("Plaintiff") brings this action against Defendant the New York City Department of Education ("Defendant") seeking reimbursement of tuition expenses for his child for the 2019-2020 school year under the Individuals with Disabilities Education Act ("IDEA"). Amended Complaint ("Am. Compl."), ECF 11. Before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Def.'s Notice of Motion, ECF 20.

      For the following reasons, Defendant's motion is granted.

## BACKGROUND

### A. Statutory Background

      The IDEA requires any school district that receives funding assistance under the Act to provide a "free appropriate public education" ("FAPE") to every child with a disability. 20 U.S.C. § 1412(a)(1)(A). "To ensure that qualifying children receive a FAPE, a school district must create an individualized education program ('IEP') for each such child." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012).

1

In addition to imposing the IEP requirement, the IDEA provides for due process procedures to promptly resolve disputes that arise between parents and school districts, so that children will receive appropriate special education services. 20 U.S.C. § 1415(b)(6), (7). New York State has implemented a two-tiered system of administrative review for disputes regarding "any matter relating to the identification, evaluation or educational placement of a student with a disability . . . or the provision of a [FAPE]." *Id.*; N.Y. Comp. Codes R. & Regs. tit. 8 ("8 NYCRR"), § 200.5(i)(1). First, parents may challenge the IEP by filing a due process complaint for review before an Impartial Hearing Officer ("IHO"), who is appointed by the local board of education. *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 224 (2d Cir. 2022) (citing 20 U.S.C. § 1415(f); N.Y. Educ. Law § 4404(1)). Either party may then appeal the IHO's decision to a State Review Officer ("SRO"), who is an officer of the State Board of Education. *Id.* at 225. Petitions for review to the SRO must be served "no later than 25 days after the date of the decision of the impartial hearing officer sought to be reviewed." 8 NYCRR § 279.2(b). If a petitioner fails to timely initiate an appeal to the SRO, the reasons for failure to timely seek review must be set forth in the petition for review, and the SRO "may excuse a failure to timely serve or file a request for review within the time specified for good cause shown." 8 NYCRR § 279.13.

"Generally, any party aggrieved by the findings of the SRO 'shall have the right to bring a civil action' in either state or federal court." *M.H.*, 685 F.3d at 225 (quoting 20 U.S.C. § 1415(i)(2)(A)). However, a Plaintiff must first exhaust all available administrative procedures through state agencies. *See* 20 U.S.C. §1415(l). A district court may "receive the records of the administrative proceedings" and, if requested by the parties, hear additional evidence. 20 U.S.C. § 1415(i)(2)(C). The district court then "grant[s] such relief as the court determines is appropriate," based on the preponderance of the evidence. *Id.*

2

## B. Factual Background

Plaintiff is the father of E.A., a minor child who is classified as a student with a learning disability. Am. Compl. ¶¶ 3, 15; Impartial Hearing Officer Findings of Fact ("IHO Dec."), Karlin Decl., Ex. B, ECF 25-2, at 4; Giuntini Decl., Ex. C, ECF 22-3, at 3. In the fall of 2017, E.A.'s parents placed her in a private school and thereafter obtained tuition reimbursement for November 2017 through June 2018 from Defendant. Am. Compl. ¶¶ 21-22. As a result of a 2018 impartial hearing, the parents were awarded tuition reimbursement for the 2018 summer session and 2018-2019 school year, and the IHO ordered that the Committee on Special Education ("CSE"), who is tasked with developing students' IEPs, prepare E.A.'s IEP for the 2019-2020 school year. *Id.* ¶¶ 26-27. E.A.'s 2019-2020 school year IEP was delayed considerably due to the Covid-19 pandemic. *Id.* ¶¶ 32-42. The CSE convened in March 2021 and "recommend a public-school placement that was inappropriate" for E.A. *Id.* ¶ 43.

Unsatisfied with the recommendation, Plaintiff requested an impartial hearing, *id.* ¶ 42, which was eventually held before IHO Steven Forbes ("IHO Forbes"). On July 26, 2022, IHO Forbes issued Findings of Fact and Conclusions of Law and Decision (the "IHO Decision"), ordering that Defendant reimburse Plaintiff for the 2020-2021 and 2021-2022 school years. IHO Dec. at 15. Plaintiff alleges that on the same date the IHO Decision was issued, "Impartial Hearing Officer Steven Forbes told Advocate Betsy Combier that he would hear the reimbursement case for 2020-2021 and 2021-2022, but not for 2019-2020, as he can only hear tuition reimbursement for two years." Am. Compl. ¶ 44. Plaintiff alleges that he continued to request an impartial hearing "through 2022" but Defendant "refused to schedule an impartial hearing." Am. Compl. ¶ 47.

3

**LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject matter jurisdiction must establish by a preponderance of the evidence that jurisdiction exists. *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citing *Makarova*, 201 F.3d at 113). In evaluating a Rule 12(b)(1) motion to dismiss, a district judge must "accept[ ] all material factual allegations in the complaint as true," but should "refrain from drawing inferences in favor of the party asserting subject matter jurisdiction." *Gonzalez v. Inn on the Hudson LLC*, 20-CV-9196 (ER), 2022 WL 974384, at *2 (S.D.N.Y. Mar. 30, 2022).

A motion to dismiss on jurisdictional grounds "may be either 'facial,' i.e., based solely on the allegations of the complaint and exhibits attached to it, 'or fact-based,' i.e., based on evidence beyond the pleadings." *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (citation omitted). Facial attacks challenge the sufficiency of the pleading and, like a motion under Rule 12(b)(6), require the court to accept all factual allegations in the complaint as true. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). Unlike a facial attack, a factual attack places the "jurisdictional facts [ ] in dispute," *Harty*, 28 F.4th at 441, by "proffering evidence beyond the [p]leading[s]." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016); *Gonzalez v. Northwell Health, Inc.*, 632 F. Supp. 3d 148, 158 (E.D.N.Y. 2022). In resolving factual attacks on jurisdiction, the court "has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted). "In opposition to such a motion, [a plaintiff] must 'come forward with evidence of their own to controvert that presented

by the defendant,' or may instead 'rely on the allegations in the[ir] [p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing.'" *Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter*, 822 F.3d at 57).

## DISCUSSION

It is well-settled that the IDEA requires an aggrieved party to exhaust the available administrative procedures before bringing suit in a federal or state court for relief under the statute. 20 U.S.C. § 1415(i)(2)(A), (l); *see Luna Perez v. Sturgis Public Schools*, 598 U.S. 142, 150 (2023). A plaintiff's "failure to exhaust" their IDEA remedies "deprives the court of subject matter jurisdiction." *Simmons v. Murphy*, 23-288-CV, 2024 WL 2837625, at *3 (2d Cir. June 5, 2024) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008)).

The exhaustion requirement, however, "is not an inflexible rule." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002) (internal quotation marks omitted). It may be waived if "(1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Id.* "The burden of proving the applicability of one of these exceptions falls on the party seeking to avoid exhaustion." *Id.*

Plaintiff does not dispute that he did not initiate an appeal of the IHO Decision to the SRO. *See generally*, Pl.'s Opp., ECF 24. Rather, Plaintiff asserts that an appeal from the IHO Decision "was not possible" because the IHO refused to hold a hearing regarding the 2019-2020 school year reimbursement request, *id.* at 10, and because he never requested such reimbursement in his due process complaint. *Id.* at 11. As such, Plaintiff argues, without legal authority, that the

5

administrative exhaustion requirement does not apply because Defendant "refused to schedule an impartial hearing" for the 2019-2020 school year. *Id.*

Plaintiff's argument falls flat for two reasons. First, Plaintiff filed a due process complaint with the New York State Department of Education, Office of Special Education-Impartial Hearing Reporting System Unit, dated August 1, 2021, bearing a stamp with "IHO #220018."[1] Giuntini Decl., Ex. A, Due Process Complaint ("DPC"), ECF 22-1, at 1. In it, Plaintiff explicitly requested reimbursement for the 2019-2020 school year, in addition to the 2020-2021 school year and for the 2020 and 2021 summer programs. *See* DPC at 1 ("In this Request we ask for reimbursement to the parent Gary Apple for [REDACTED] placement in the Robert Louis Stevenson School for the 2019-2020 and 2020-2021 school years[.]"). Despite this, IHO Forbes did not address the 2019-2020 school year at all in his decision. *See generally* IHO Dec. (bearing Case No. 220018).

Even accepting as true Plaintiff's allegation that the IHO informed him that he could not hear the 2019-2020 reimbursement request because it was more than two years old, Am. Compl. ¶ 45, the IHO did in fact hold a hearing and render a decision on Plaintiff's due process complaint, which requested in part relief for the 2019-2020 school year. The IHO Decision failed to address the 2019-2020 school year reimbursement. *See generally* IHO Dec. With that decision, Plaintiff had a vehicle to seek review of the IHO's refusal or failure to address the 2019-2020 school year before the SRO by filing a notice and request for review within 40 days. *See* 8 NYCRR § 279.4(a) (a party seeking review must serve a notice of and request for review within 40 days of an IHO's

---

[1] Plaintiff does not controvert the authenticity of the due process complaint submitted by Defendant or come forward with evidence of his own. The Court concludes that it may consider Plaintiff's due process complaint as evidence outside the pleadings both because it is integral to Plaintiff's complaint, *see, e.g., Thompson v. Odyssey House*, 14-CV-3857, 2015 WL 5561209, at *3 n.7 (E.D.N.Y. Sept. 21, 2015) (courts in this Circuit regularly conclude that administrative charges are integral to a plaintiff's complaint if the complaint depends, in part, on the scope and effect of those documents and no party disputes the accuracy or relevance of the documents), *aff'd*, 652 F. App'x 44 (2d Cir. 2016), and as necessary to determine whether Plaintiff has established subject matter jurisdiction by a preponderance of the evidence. Fed. R. Civ. P. 12(b)(1).

decision identifying, *inter alia*, "the failure or refusal to make a finding"). Plaintiff does not assert that he made any such attempt. Because Plaintiff did not exercise this right of appeal, he failed to exhaust the available administrative remedies.

Second, even if, as Plaintiff asserts, he made no due process complaint for the 2019-2020 school year, such omission plainly cannot excuse the administrative exhaustion requirement. Accepting these facts as true, Plaintiff would be seeking relief from this Court for the first time – without ever having formally challenged E.A.'s 2019-2020 IEP under the normal procedures provided by New York's system for administrative review. Plaintiff makes no reasoned argument why he should be permitted to circumvent those procedures.[2] Plaintiff does not claim a futility exception, *see*, *e.g.*, *R.S. v. Bedford Cent. Sch. Dist.*, 899 F. Supp. 2d 285, 290 (S.D.N.Y. 2012) ("To take advantage of the futility exception, the Plaintiffs would need to show that they the SRO is so biased against them that they could not have prevailed had they presented their appeal directly to him."), that any state policy is "contrary to law on its face," *id.*, or that it would be improbable that relief could be obtained through administrative channels such that the SRO lacked the power to alter the IHO's finding, *id.* Thus, as the party both invoking this Court's jurisdiction and asserting an exception to the administrative exhaustion requirement, Plaintiff has failed to meet the burden of proof on both. *See Morrison*, 547 F.3d at 170; *Murphy*, 297 F.3d at 199.

---

[2] Plaintiff provides no support for the claim that review by an IHO was "not possible" because the IHO "can only hear tuition reimbursement for two years." Pl. Opp. at 10 (citing Am. Compl. ¶¶ 43-44). Plaintiff claims that the IDEA or New York law limits reimbursement to two years prior to the time of the Impartial Hearing. However, Plaintiff cites no legal authority for this proposition and the Court is aware of none. Further, Plaintiff claims that IHO Forbes "told" Plaintiff's Advocate Besty Combier as much on July 26, 2022, the date of the IHO Decision. Again, Plaintiff provides no evidence to support this allegation, and the IHO Decision makes no such statement.

7

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted, and Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

                                                                /s/
                                                  ORELIA E. MERCHANT
                                                  United States District Judge

June 12, 2025
Brooklyn, New York